NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERMAN HERRERA LOPEZ, | No.    19-73014 |
| Petitioner, | Agency No. A201-174-142 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2022[**]
San Francisco, California

Before:  S.R. THOMAS, BEA, and H. THOMAS, Circuit Judges.

German Herrera Lopez petitions for review of a Board of Immigration

Appeals (BIA) order dismissing his appeal from the denial by an immigration

judge (IJ) of his applications for asylum, withholding of removal, and relief under

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We deny the petition for review.

1.      Herrera Lopez's asylum application was untimely because it was not filed within a year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). The agency correctly concluded that the delay was attributable to Herrera Lopez's action or inaction, 8 C.F.R. § 1208.4(a)(5), and that Herrera Lopez did not show a material change in circumstances or extraordinary circumstances that excuse his failure to file the application until approximately two years had passed from the date of his uncle's murder, 8 U.S.C. § 1158(a)(2)(D); *Sumolang v. Holder*, 723 F.3d 1080, 1082–83 (9th Cir. 2013).

2.      Substantial evidence supports the agency's determination that Herrera Lopez is ineligible for withholding of removal because he did not establish a nexus between his fear of persecution and his membership in a particular social group. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a person's "desire to be free from harassment by criminals motivated by theft or random violence" has "no nexus to a protected ground").

3.      Substantial evidence supports the agency's conclusion that Herrera Lopez is not likely to be tortured. Evidence of generalized violence and crime that is not particular to the petitioner is insufficient to establish eligibility for CAT

relief.  *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**